IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JEREMIAH MIMS,

                      Plaintiff,                    Case No. 3:12 CR 233

    -vs-

                                                   MEMORANDUM   OPINION

UNITED STATES OF AMERICA,

                      Defendant.

KATZ, J.

Jeremiah Mims has moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 42).  The United States has filed a response.  (Doc. No. 47).  Upon review, the motion to vacate is denied.

## I.  Facts

After selling heroin and a firearm to a confidential informant, Mims was charged with one count of possession with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 1), and one count of using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2).  He subsequently pleaded guilty to both counts.  The parties agreed that the appropriate offense level before any acceptance of responsibility was 24, and acknowledged that Count 2 carried a mandatory minimum consecutive sentence of 60 months.  Additionally, the parties agreed to recommend that this Court impose a within-guidelines sentence.  Mims's plea agreement also contained a waiver of his right to appeal or collaterally attack his convictions and sentence, except in limited circumstances.

A presentence report calculated Mims's total offense level as 21 and his criminal history category as IV, resulting in an advisory sentencing guidelines range of 57 to 71 months of imprisonment on Count 1, plus a mandatory consecutive sentence of 60 months of imprisonment

on Count 2. This Court sentenced Mims to 57 months of imprisonment on Count 1, to be followed by a mandatory consecutive term of 60 months of imprisonment on Count 2, for a total term of 117 months of imprisonment. This Court also sentenced Mims to three years of supervised release. Mims's convictions were affirmed on appeal. *United States v. Mims*, No. 13-3136, slip op. at 5 (6th Cir. Sept. 25, 2013).

## II.  Discussion

In his motion to vacate, Mims argues that:  1) he is innocent of the § 924(c) charge; 2) his sentence is unreasonable based on a miscalculation regarding the weight of the drugs; and 3) his trial counsel was ineffective.

Mims has waived his actual innocence and calculation of sentence arguments. Under paragraph 19 of his plea agreement (Doc. No. 19, p. 7), Mims expressly waived his right to challenge his convictions and sentence under § 2255. The waiver provision does, however, allow Mims to appeal any punishment in excess of the statutory maximum and any sentence to the extent it exceeds the maximum of the sentencing range determined under the Sentencing Guidelines in accordance with the stipulations and computations in the plea agreement. The waiver also allows Mims to appeal or file a collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

As the Sixth Circuit noted in Mims's direct appeal,

> because the record demonstrates that Mims entered valid guilty pleas, the provisions of the appellate waiver contained in his plea agreement are valid and enforceable. A defendant in a criminal case may waive his right to appeal his conviction and sentence, so long as the waiver is valid. *United States v. Bradley*, 400 F.3d 459, 463[–]64 (6th Cir. 2005). To ensure a waiver is voluntary, "the court must inform the defendant of, and determine that the defendant understands the terms of any appellate-waiver provision in the plea agreement." *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005).

*Mims*, No. 13-3136, slip op. at 4.

The court subsequently concluded that Mims's pleas were voluntary and that the waiver provision was enforceable. *Id*. Therefore, Mims has waived his right to raise the first and second arguments in his § 2255 motion. *Bradley*, 400 F.3d at 463–64.

Under the waiver provision, Mims is permitted to raise an ineffective assistance of counsel claim in a § 2255 motion. Mims contends that he received ineffective assistance of counsel during counsel's plea negotiations with the government. Specifically, Mims asserts that his attorney, Mr. Andrew P. Hart, who is now deceased, was mentally ill and misadvised him through threats, intimidation, and coercion to accept the plea agreement regarding the § 924(c) charge, a charge Mims argues did not apply to him. Mims states he could not have made a "knowing and voluntary determination" regarding the consequences of his plea because of counsel's mental illness

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a defendant must establish that his attorney's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing

3

professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotation marks and original alterations omitted).

To establish prejudice in the guilty-plea context, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Mims contends that Mr. Hart was ineffective by forcing him to plead guilty to the § 924(c) charge. Mims's allegations are pure fiction and factually impossible. The record establishes that Mims was represented by Mr. Paul D. Frankel, a court appointed attorney, during the plea negotiations. It was Mr. Frankel who reached the plea agreement with the United States on Mims's behalf, and it was Mr. Frankel who signed Mims's plea agreement. (Doc. No. 19, p. 12). Further, Mr. Frankel, not Mr. Hart, was the individual who represented Mims when Mims entered his guilty plea on July 31, 2012. (Doc. No. 18). Contrary to Mims's allegations, Mr. Hart took no part in the plea negotiations and change of plea hearing.

Mr. Frankel withdrew as counsel of record on November 16, 2012, and Mr. Hart was appointed to represent Mims on that date. By this time, Mims had already signed his plea agreement and the Court had accepted Mims's guilty pleas. Mr. Hart's role in the case was to file a sentencing memorandum on Mims's behalf on January 14, 2013 (Doc. No. 27), and to represent Mims at his sentencing hearing on January 15, 2013. (Doc. No. 38). Mr. Hart had nothing to do with Mims's plea negotiations and plea agreement.

The Court notes that it has carefully read the transcript from Mims's change of plea hearing. (Doc. No. 37). At the hearing, Mims stated that he was pleased with the efforts and advice Mr. Frankel had expended in negotiating the plea agreement. Mims acknowledged that he

understood all the rights he was waiving as a result of his guilty plea.  This Court carefully discussed the various terms in the plea agreement and the repercussions of those provisions, including the waiver of appeal provision.  The transcript establishes that Mims understood and agreed to the terms of the plea agreement.  The record shows that Mims stipulated to the facts of the case and the proposed sentence.  Mims also stipulated to the calculations used to determine his sentencing range.  Contrary to the allegations in the § 2255 motion, Mims explicitly acknowledged at his change of plea hearing that no one forced or threatened him "in any way to get [him] to plead guilty."  (Doc. No. 37, p. 18).  For these reasons, Mims's ineffective assistance of counsel claim is without merit.

### III.  Conclusion

Accordingly, Mims's motion to vacate, set aside, or correct his sentence pursuant to § 2255 (Doc. No. 42) is denied.  In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

    s/ *David A. Katz*  
    DAVID A. KATZ  
    U. S. DISTRICT JUDGE