IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:12 CR 233 |
| | ) | 3:16 CV 1717 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | MEMORANDUM OPINION |
| JEREMIAH MIMS, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Jeremiah Mims' motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 60). The United States has filed a response. (Doc. No. 62). This is Mr. Mims' third motion to vacate.

Pursuant to a plea agreement, Mr. Mims was convicted of two counts: one count of possession with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count 1), and one count of using or carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I) (Count 2). The Court sentenced Mr. Mims to 57 months of imprisonment on Count 1, to be followed by a mandatory consecutive term of 60 months of imprisonment on Count 2, for a total term of 117 months of imprisonment. The Court also sentenced Mr. Mims to three years of supervised release. Mr. Mims' convictions were affirmed on appeal. *United States v. Mims*, No. 13-3136, slip op. at 5 (6th Cir. Sept. 25, 2013).

Mr. Mims then filed a timely § 2255 motion to vacate, asserting that he was innocent of the firearm conviction, his sentence was unreasonable based on a miscalculation of the weight of the drugs involved, and trial counsel was ineffective. The Court determined that Mr. Mims' actual innocence and sentencing claims were precluded by the waiver provision in his plea agreement and that his ineffective assistance claim lacked merit. Accordingly, the Court denied Mr. Mims' § 2255 motion. Mr. Mims did not appeal this decision. (Doc. No. 49).

Mr. Mims later filed a second motion to vacate his sentence. The Sixth Circuit denied certification for this Court's to consider that petition as a second or successive motion under § 2255. *In re: Jeremiah Mims*, No. 15-4415 (June 2, 2016) (order) (Doc. No. 59).

In this, his third motion to vacate, Mr. Mims seeks to have his sentence vacated in light of *Johnson v. United States*, 135 S. Ct. 2251 (2015).

Section 2255 provides that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Because Mr. Mims has failed to receive authorization from the Sixth Circuit to file this successive § 2255 motion, the motion may not be reviewed by the Court at this juncture.

2

Therefore, the Clerk of Court is directed to transfer Mr. Mims' instant motion to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

IT IS SO ORDERED.

Donald C. Nugent
United States District Judge

Date: August 22, 2016

3